**Gerald SANDERS, Petitioner,**

v.

**CITY OF FORT WAYNE, Respondent.**

**Civ. No. F 85–343.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 15, 1985.

---

**468**

Gerald Sanders, pro se.

---

ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court upon the petitioner's Motion to Proceed In Forma Pauperis received July 17, 1985. Petitioner wants this court to grant his petition so that he might file a complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. For the following reasons, the motion to proceed in forma pauperis will be denied.

█ Petitioner is proceeding *pro se.* *Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the petitioner's are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

█ A district court may examine the merits of a suit on a motion to proceed in forma pauperis before the issuance of summons. *Wartman v. Milwaukee County Court,* 510 F.2d 130 (7th Cir.1975); *Ballentine v. Crawford,* 563 F.Supp. 627 (N.D. Ind.1983). Liberally construing the allegations of the proposed complaint, petitioner has asserted five claims against the respondent City of Fort Wayne. The first allegation is that the agents and employees of the City "did willfully and wantonly fail to represent or enforce the laws of the Indiana Code by omission or by breach of duty." The second allegation is that petitioner was confined in the Allen County Jail from November 6, 1984 to June 24, 1985 on a charge of attempted murder and battery without the issuance of any bond or the setting of any bail. The third allegation is that police officers of the City removed the petitioner from the Lutheran Hospital on November 8, 1984 after only seven days of recuperation from a gunshot wound, thus "causing hurried and negligent diagnosis." The fourth claim is that certain officers and agents of the City allowed the petitioner to be beaten while in jail by fellow inmates in 1976 and November, 1978. The final claim is that Judge Thomas Ryan of the Allen County Court and Prosecutor James P. Posey of the Allen County Prosecutor's Office violated petitioner's rights by setting no bond during the seven months from November, 1984 to June, 1985, by setting an exceedingly high bond, and by attempting to prosecute the petitioner under the Indiana Habitual Offender statutes.

The court finds that the petitioner has failed to allege a meritorious basis for any of the claims in his proposed complaint. The first allegation, relating to a failure to represent and enforce the laws of Indiana, is completely without any factual basis other than the more specific acts set forth in petitioner's four other claims. To the extent that those four claims fail to state a meritorious action, this conclusory claim must fail as well.

██ The petitioner's second claim relates to an alleged failure to set a bail bond for seven months. An examination of the Indiana statutes relating to the setting of bail indicates that the defendant City cannot possibly be responsible for the failure to expeditiously set a bond for the petitioner. I.C. 35–33–8–1, *et seq.*, controls the issuance of bail bonds. In I.C. 35–33–8–3, the statute makes it clear that the *court* has the power to admit a defendant to bail, and I.C. 35–33–8–4(a) indicates that it is the court's responsibility to determine the amount of the bail, and if the court fails to set an amount of bail, the sheriff (who is a county, and not a city, official) must present the warrant to the judge of the court so that the judge may then set an amount of bail. In short, the setting of bail is a function of the county courts or county sheriff, and not of the respondent City of Fort Wayne. Thus, the City cannot be liable, and the claim against it would fail.

The third allegation relates to the alleged forcible removal by the City's police officers of the petitioner from the Lutheran Hospital after the petitioner had been shot in November, 1984. The court takes judicial notice of the fact that this same allegation is the subject of another lawsuit already filed by this petitioner entitled *Gerald Sanders v. Allen County Police Department, et al.*, No. F 85–224, and is thus merely duplicative of other litigation currently pending in this court. It would serve no purpose for the court to allow this petitioner to initiate a second proceeding on exactly the same factual allegation as this previous case. This duplication would therefore mandate dismissal of this cause of action on grounds of judicial economy and therefore this claim would fail on a motion to dismiss.

██ Petitioner's fourth claim relates to beatings which occurred in 1976 and 1978. However, a claim under § 1983 (as with any claim) must be filed in a timely fashion in order to be considered; this court must not presented with stale claims. The Supreme Court has held that claims under § 1983 must be treated as personal injury actions for purposes of determining what state statute of limitation will apply to it. *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Indiana, the statute of limitations for personal injury claims is two years. I.C. 34–1–2–2(1). All of the acts alleged in this particular claim relate to events in 1976 and 1978, well beyond the two year period of limitations. Thus, petitioner's claim would fail because it is time-barred.

The fifth and final claim is directed at the actions of Judge Thomas Ryan and Prosecutor James Posey for failing to set a bond during the seven month period, for the setting of a high bond, and for Prosecutor Posey's attempt to invoke the Habitual Offender statute against petitioner. The allegations concerning Deputy Prosecutor Posey were the subject of a previous motion to proceed in forma pauperis filed by this petitioner on June 13, 1985. This court, in an order dated June 24, 1985, denied petitioner's motion to proceed in forma pauperis on the grounds of prosecutorial immunity in § 1983 actions as set forth in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). *Sanders v. Allen County Prosecutor's Office,* Civil No. F 85–260. That same analysis would apply to these allegations, and thus the claim against Deputy Prosecutor Posey would fail. Likewise, the allegations concerning Judge Ryan and the failure to set a bond during the seven month period were the subject of a previous petition filed by this petitioner on May 13, 1985. This court, in an order dated May 22, 1985, denied the motion to proceed in forma pau-

peris on the grounds of judicial immunity under § 1983. *Sanders v. Allen County Superior Court,* Civil No. F 85–227. Those principles concerning judicial immunity, derived from the Supreme Court's analysis in *Stump v. Sparkman,* 435 U.S. 349, 358, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978), apply not only to the failure to set bond alleged here, but also to the other acts of Judge Ryan set forth in the fifth allegation of the proposed complaint. Thus, the actions of Judge Ryan would not create a basis for liability under § 1983. Finally, to the extent that the respondent in this case is the City of Fort Wayne, this respondent cannot be held liable for the acts of a county prosecutor or a county judge, since neither are agents nor employees of the City of Fort Wayne.

█ It is therefore clear that none of the five allegations set forth in the proposed complaint state a substantial basis for a claim against the proposed respondent. Such claims would not survive a motion to dismiss, and for this reason, the motion to proceed in forma pauperis will be denied.

The fact that three of petitioner's five claims have been the subject of previous recent motions to proceed in forma pauperis filed by the petitioner mandates a further response from this court. The Seventh Circuit has made it clear that insistence on litigating a question in the face of controlling precedent which removes every colorable basis in law for the litigant's position amounts to bad faith justifying the imposition of sanctions. *Reid v. United States,* 715 F.2d 1148, 1154 (7th Cir.1983); *Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1269–70 (7th Cir.1983). Here, petitioner attempts to reassert his claims against the prosecutor and judge who delayed in granting him bail, despite the fact that this court previously held that both the prosecutor and the judge were protected from § 1983 claims by absolute immunity. Naming the City of Fort Wayne as defendant in this motion does not alter this result because those previous orders made clear that the prosecutor and the judge were the parties making the challenged

decisions. Thus, this court has sufficient equitable power to assess sanctions because it finds that the petitioner's claim is pursued in bad faith. *See Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 828 (7th Cir.1984); *Benner v. Negley,* 725 F.2d 446, 449 (7th Cir.1984).

In addition, Rule 11 of the Federal Rules of Civil Procedure creates a second source of power to impose sanctions. Rule 11, which governs the signing of pleadings and motions, requires that each pleading or motion be signed by an attorney or the party (if the party is proceeding *pro se*). The rule then provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading violates this rule the court "shall impose" an "appropriate sanction," which may include the amount of reasonable expenses and attorney's fees incurred by the other party because of the filing of the pleading or motion.

This court has before assessed Rule 11 sanctions for filing meritless lawsuits, *see Snyder v. IRS,* 596 F.Supp. 240 (N.D.Ind. 1984); *Cameron v. IRS,* 593 F.Supp. 1540 (N.D.Ind.1984), and has assessed sanctions for litigating an issue which the court had in a previous order declared to be meritless. *Hilgeford v. Peoples Bank, Portland, Ind.,* 607 F.Supp. 536 (N.D.Ind.1985). The court therefore finds that it has power to impose Rule 11 sanctions for petitioner's attempt to relitigate the failure to set bond issue.

The third duplicated claim—involving petitioner's removal from the hospital after he was shot—is not a meritless claim; this court granted the motion to proceed in for-

ma pauperis when petitioner first alleged this claim. However, petitioner makes the same allegation again here, in effect seeking to commence a second case on the same facts as the first.

 This court concludes that Rule 11 is addressed to duplicative litigation of potentially meritorious claims just as surely as it is directed toward litigation of meritless claims. The Notes of the Advisory Committee speak of "streamlin[ing] the litigation process by lessening frivolous claims and defenses." The language of the rule itself speaks of "unnecessary delay." While this court will readily entertain any lawsuit advancing meritorious claims, it will not countenance multiple lawsuits on the same facts. Such suits waste judicial resources and require duplicative efforts by both court and defendants alike.

 The court therefore finds that this motion justifies imposition of a Rule 11 sanction. A fifty dollar ($50.00) fine will be assessed, payable to the Clerk of this court.

The court is also concerned about petitioner's litigious tendencies. This motion is one of twelve filed by petitioner within the past two months. Two of those motions have been granted, ten have been denied. In order to avoid further duplicative motions and lawsuits, the court hereby puts petitioner on notice of his previous attempts at litigation, so that should he attempt to relitigate these issues, he will do so with full knowledge that this court will impose Rule 11 sanctions. These previous motions and suits include:

Sanders v. Marion V.A. Medical Center, No. F 85–327; Sanders v. Food and Drug Administration, No. F 85–328; and Sanders v. Indiana Dept. of Corrections, No. F 85–332, all relating to the alleged use of Thorazine on petitioner; Sanders v. Fruehauf Trailer Corp., No. F 85–329, relating to Sanders' employment at Fruehauf; Sanders v. State of Indiana, No. F 85–330, relating to petitioner's desire to own a gun;

Sanders v. United States Marine Corp., No. F 85–331, relating to petitioner's attempts to reenlist; Sanders v. State of Indiana, No. F 85–326, relating to petitioner's alleged treatment under the Indiana Habitual Offender Act; Sanders v. Allen County Prosecutor, No. F 85–260; Sanders v. Allen County Superior Court, No. F 85–227, and this case, all relating to the setting of petitioner's bond; and Sanders v. Lutheran Hospital, No. F 85–226; Sanders v. Allen County Police Dept., No. F 85–224; and this case, all relating to petitioner's removal from Lutheran Hospital after his gunshot wounds.

The court reiterates that it stands ready to accept meritorious cases. However, this court will not accept duplicative lawsuits that force the unnecessary expenditure of judicial resources.

For the foregoing reasons, the motion to proceed in forma pauperis is DENIED. Petitioner is also hereby ORDERED to pay fifty dollars ($50.00) to the Clerk of this court as a Rule 11 sanction for filing this motion seeking to litigate the issues of his bond and his removal from Lutheran Hospital after he received gunshot wounds.