902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. WOOLUM, Plaintiff-Appellant,
v.
William C. SEABOLD, et al., Defendants-Appellees.
 No. 89-5624.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1990.
 
 Before WELLFORD and BOGGS, Circuit Judges, and HORACE W. GILMORE*, District Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, William Woolum, appeals the district court's imposition of sanctions under Federal Rule of Civil Procedure 11 against him as a result of his filing the same claim which a district court had previously dismissed twice as nonmeritorious. Finding that the district court's imposition of sanctions against Woolum was not an abuse of discretion, we accordingly affirm.
 
 
 2
 In 1988, the plaintiff and several other inmates filed a pro se Sec. 1983 claim against the warden, several prison officials and guards of the Kentucky State Penitentiary, alleging various constitutional violations. Plaintiffs claimed that the defendants' refusal to let them shower for one day, the defendants' confiscation of their fans, and the "stale air" in their cell block violated their rights. The district court ultimately ruled that while the plaintiffs' claim that the defendants' confiscation of the inmates' portable fans did have merit, the defendants' retention of the fans did not violate the prisoners' constitutional rights. The court also ruled that the plaintiffs' claim that the "stale air" in their cell block constituted cruel and unusual punishment was meritless.
 
 
 3
 It was without merit when Mr. Woolum brought the identical claim in 1986 (Civil Action No. 86-0327-P(J), jury returned verdict for the defendants), and in 1987 (Civil Action No. 87-0384-P(J), summary judgment for defendants). The conditions in three cell house are the subject of a consent decree entered in Kendrick v. Bland, Civil Action No. 76-0079 P(J). In March, 1987, the court found the conditions in compliance with the consent decree. Plaintiffs have not alleged the conditions have deteriorated since that time.
 
 
 4
 Mem.Op. (Jan. 17, 1988). Therefore, the court entered judgment for the defendants.
 
 
 5
 Subsequently, defendants moved for Rule 11 sanctions against the plaintiffs. The court found that because these pro se plaintiffs were "experienced litigants," and because they had unsuccessfully raised the same "stale air" claim in two prior suits, a nominal assessment of $25 each against Woolum and two other plaintiffs was warranted under Rule 11. The court reasoned that the filing of such frivolous claims must be deterred. From the imposition of the assessment, Woolum appeals to this court.
 
 
 6
 Woolum argues that the district court should have not assessed any sanctions under Rule 11; rather, the court should have considered sanctions, if at all, under 28 U.S.C. Sec. 1915. He also contends that he and the other two plaintiffs filed their action in good faith and that this court must remand his complaint so that the district court may rule on its merits. Finally, he argues that being an unintelligent layman, the district court laid a "booby-trap" by allowing him to proceed and then imposing Rule 11 sanctions, rather than determining at the outset that his complaint lacked merit under 28 U.S.C. Sec. 1915. We find these arguments to be without merit.
 
 
 7
 We review the appropriateness of the imposition of Rule 11 sanctions under an abuse of discretion standard. Davis v Crush, 862 F.2d 84, 88 (6th Cir.1988). The district court must impose sanctions where a plaintiff's filing of an action is not objectively reasonable. Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989). The court does not consider the subjective good faith of the individual filing the pleading. Davis, 862 F.2d at 88.
 
 
 8
 In Williams v. Duckworth, 617 F.Supp. 597 (N.D.Ind.1985), the court imposed sanctions in the amount of $200 attorney fees and a $100 fine on a pro se litigant who had brought a lawsuit, raising identical issues to those he had raised in a prior lawsuit and which the trial court had previously resolved against him. Similarly, the eighth circuit affirmed the award of Rule 11 sanctions against plaintiffs who had filed lawsuits substantially similar to those which had previously been determined to be nonmeritorious. Kurkowski v. Volcker, 819 F.2d 201, 204 (6th Cir.1987).
 
 
 9
 After reviewing the record in this case and in light of relevant case law, we find that the district court's nominal sanction against Woolum was not an abuse of discretion. Because Woolum's "stale air" claim was found meritless in two prior actions and because Woolum is an experienced litigant, we find that his filing of exactly the same claim a third time was not objectively reasonable. Woolum's 28 U.S.C. 1915(d) argument must also fail. This provision does not prohibit a trial court from imposing Rule 11 sanctions against a pro se litigant. Accordingly, we AFFIRM the imposition of sanctions.
 
 
 
 *
 THE HONORABLE HORACE W. GILMORE, Judge, United States District Court for the Eastern District of Michigan, sitting by designation