Gohr (Ernst), Appellant, vs. Beranek and others, Defendants: Gohr (Carl), Respondent.

*April 7—May 4, 1954.*

606

For the appellant there were briefs and oral argument by *S. P. Rigler* of Rice Lake.

For the respondent there was a brief by *Francis R. Parks* of Rice Lake, attorney, and *Terence N. Hickey* of Hayward of counsel, and oral argument by *Mr. Parks*.

MARTIN, J. Appellant raises several questions on this appeal. If we find, however, that the trial court correctly held the issue to be *res judicata,* the other questions will be immaterial.

It is argued that this action is not the same as *Beranek v. Gohr, supra,* because the prior action was to quiet title whereas this involves the foreclosure of a mortgage. We have consulted the cases and briefs in *Beranek v. Gohr* and find that the complaint there alleged the ownership in Carl Gohr, the defendant, of the $4,000 mortgage and his occupancy of the premises. The relief sought was a judgment requiring him "to set forth his estate, interest, lien, or incumbrance, or any adverse claim he may have or claim to have, in, to, or upon the real property and premises" and "that the defendant be decreed to have no mortgage, lien, incumbrance, estate, or interest of any kind whatsoever upon the said property, except the unpaid balance, if any, owing to the said defendant upon the said real-estate mortgage after applying credits thereon in favor of the plaintiff, Ernst Gohr."

In the present action, while it is true that plaintiff seeks foreclosure of the mortgage given to him by the Beraneks, what he seeks as against Carl Gohr is a judgment requiring him "to set forth his adverse interest in and to said premises and to account for his use of the same, and . . . to apply reasonable rental against the $4,000 mortgage indebtedness owing by the plaintiff on the note and mortgage."

As set out above, after the first case was remanded by this court to the county court "for further proceedings," Ernst Gohr sought in his motions the same relief he prayed for in the complaint. When those motions were denied, his remedy was to appeal therefrom. He cannot substitute for that remedy a new action in the circuit court.

The fact that Ella G. Beranek was not a party to the first action does not affect the issue between plaintiff and Carl Gohr in any way. Nor does the fact that plaintiff here sought foreclosure of the Beranek mortgage change the character of the action as against Carl Gohr.

In attempting to show that there are issues in this case not present in the prior action, appellant argues that Carl Gohr is not the owner of the promissory note which is secured by the mortgage. We consider this wholly immaterial, but even if it were material, the appellant is in no position to raise that question now. He affirmatively alleged in his complaint in the prior action that Carl Gohr was "the owner of said promissory note and mortgage."

The rule of *res judicata* clearly applies. The parties are the same; the nature of the action against Carl Gohr is the same; the relief sought is the same. The denial of appellant's motions in the county court after appeal decided the issues and he did not choose to appeal therefrom.

"The doctrine of estoppel by record prevents a party, not only from litigating again what was actually litigated in the former case, but from litigating what might have been litigated therein. . . . one cannot bring a second cause of action when it is an attempt to try the same issues. The same acts being involved in both causes of action, the proper administration of justice requires that, the issues of the commission and the character of those acts having been tried in one action, neither the public nor the defendant should be subjected to a trial as to their commission or character in another action. To permit this would be permitting a misuse and abuse of the judicial process." *Kuchenreuther v. Chicago, M., St. P. & P. R. Co.* (1937), 225 Wis. 613, 615, 616, 275 N. W. 457.

"The final adjudication is conclusive, in a subsequent action between the same parties, as to all matters which were litigated or which might have been litigated in the former

proceedings." *Werner v. Riemer* (1949), 255 Wis. 386, 403, 39 N. W. (2d) 457, 39 N. W. (2d) 917.

" 'A final valid judgment on the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action; identity of the thing sued for, of the causes of action, of the parties to the action, and of the quality or capacity in which the parties sue or are sued is essential to the application of the doctrine.' 50 C. J. S., Judgments, p. 16, sec. 598." *Cohan v. Associated Fur Farms, Inc.* (1952), 261 Wis. 584, 598, 53 N. W. (2d) 788.

Title to the property in question is in the appellant and if Carl Gohr is illegally in possession thereof, appellant has a proper remedy.

*By the Court.*—Judgment affirmed.