GOHR (Ernst), Plaintiff and Appellant, vs. SPAETE and others, Defendants: GOHR (Carl) and wife, Defendants and Respondents.

*March 8—April 9, 1957.*

For the appellant there were briefs by *S. P. Rigler* of Rice Lake, and *Daniel I. D'Amico* of Cumberland, and oral argument by *Mr. D'Amico*.

For the respondents there was a brief and oral argument by *Francis R. Parks* of Rice Lake.

BROADFOOT, J.   This case presents another chapter in an unfortunate quarrel between two brothers.  This is the third time they have appeared before this court in actions concerning the title to 80 acres of land in Barron county.  Our prior decisions are reported in *Beranek v. Gohr,* 260 Wis. 282, 50 N. W. (2d) 459, and *Gohr v. Beranek,* 266 Wis. 605, 64 N. W. (2d) 246.  The facts will not be repeated.

The first action was brought to quiet title to the premises as against Carl Gohr, who counterclaimed and contended that he was the owner of the premises by virtue of an oral agreement which had been sufficiently performed to warrant specific performance.  We held that there had been insufficient performance therefor, leaving title to the premises in one Beranek subject to Carl Gohr's mortgage and a second mortgage to Ernst Gohr.

The second action was to foreclose the second mortgage given by the Beraneks to Ernst Gohr.  Upon remand of the record in the first case Ernst Gohr, by motion, asked for leave to try his claim for an accounting for rents and profits against Carl Gohr.  This motion was denied by the trial court.  In the second action, which was brought to foreclose the Beranek mortgage, there was an attempt to inject the question of an accounting with Carl Gohr.  That relief was denied and this court affirmed the determination of the trial court.

In the present action the defendant Carl Gohr sets out the decisions in the first two cases and alleges as a defense that because thereof the subject matter of the present action has been fully adjudicated and that the prior actions are a bar to the commencement of this action under the doctrine of *res judicata.*  The order appealed from determined that the question of accounting for rents and profits was *res judicata.*  Because of the way in which the issue was presented in the first two cases the matter of an accounting

has become *res judicata* to the date of the judgment in the second action, which was September 15, 1953.

Although the defendant Carl Gohr has not so pleaded, it seems evident that he is a mortgagee in possession. *Citizens Savings & Trust Co. v. Rogers,* 162 Wis. 216, 155 N. W. 155; *Schwartzburg v. Rahtjen,* 227 Wis. 525, 279 N. W. 19; 59 C. J. S., Mortgages, p. 391, sec. 305. If pleaded and proven, that fact would be a defense to this action in eject-ment. However, as such mortgagee in possession, it would be the duty of Carl Gohr to account for the rents and profits.

In order to bring this matter to a final conclusion and to avoid further litigation we recommend that the following procedure be followed upon remand of the record: That the plaintiff amend his complaint so as to permit him to seek a declaratory judgment under the provisions of sec. 269.56, Stats. The rights of the plaintiff could then be determined under the provisions of his deed and the rights of the defend-ant Carl Gohr could be determined under his mortgage. If Carl Gohr pleads and proves that he is a mortgagee in possession, the plaintiff will be entitled to an accounting for rents and profits from and after September 15, 1953. Since Carl Gohr will not be required to account for rents and profits before that date, he will be entitled to interest only after that date.

*By the Court.*—That part of the order appealed from is reversed, and cause remanded for further proceedings in accordance with this opinion.