Lawrence VANDENPLAS and Barbara
Vandenplas, Plaintiffs-Appellants,

v.

CITY OF MUSKEGO, et al.,
Defendants-Appellees.

No. 83–2998.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 9, 1984.

Decided Jan. 21, 1985.

Robert E. Sutton, Walter Kelly, Sutton & Kelly, Milwaukee, Wis., for plaintiffs-appellants.

Raymond J. Pollen, Riordan, Crivello, Carlson, Mentkowski & Henderson, Milwaukee, Wis., for defendants-appellees.

Before WOOD and CUDAHY, Circuit Judges, and WISDOM, Senior Circuit Judge.*

CUDAHY, Circuit Judge.

This is an appeal from a final judgment entered on a jury verdict in an action for damages and declaratory relief under 42 U.S.C. § 1983. The plaintiffs, Lawrence Vandenplas and his daughter Barbara Vandenplas, sued the City of Muskego, Wisconsin, and various of its employees and elected and appointed officials for damages arising out of the allegedly unconstitutional manner in which the defendants razed two buildings on the Vandenplases' farm. The trial court granted summary judgment for all defendants except certain unnamed police officers. Plaintiffs were given leave to amend their complaint, did so, and reached a jury on the issue of unconstitutional use of force by the police officers. The jury

found for the defendant officers. The plaintiffs now appeal the grant of summary judgment as to all other defendants and the jury verdict as to the police defendants.

I.

Lawrence Vandenplas and his wife Bernice own property in the City of Muskego on which, before the events recounted here, were located an old farmhouse and a barn which were used for storing grain and housing hogs respectively. The buildings had fallen into a state of disrepair, and on August 8, 1980, defendant Gerald P. Lee, the building inspector for the city, issued a condemnation order for both structures pursuant to § 66.05, WIS.STAT. (1979–80). That statute provides, in part, as follows:

(1)(a) The governing body or the inspector of buildings * * * may order the owner of premises upon which is located any building or part thereof within such municipality, which in its judgment is so old, dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation, occupancy or use, and so that it would be unreasonable to repair the same, to raze and remove such building or part thereof, or if it can be made safe by repairs to repair and make safe and sanitary or to raze and remove at the owner's option[.] * * *

(b) Whenever a municipal governing body, inspector of buildings or designated officer determines that the cost of such repairs would exceed 50 per cent of the assessed value of such building divided by the ratio of the assessed value to the recommended value as last published by the state supervisor of assessments for the municipality within which such building is located, such repairs shall be presumed unreasonable and it shall be presumed for the purposes of this section that such building is a public nuisance.

\* \* \* \* \* \*

---

* The Honorable John Minor Wisdom, Senior Circuit Judge of the Fifth Circuit Court of Appeals, is sitting by designation.

(3) Anyone affected by any such order shall within the time provided by s. 893.76 apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing the building or part thereof or forever be barred. Hearing shall be had within 20 days and shall be given precedence over other matters on the court's calendar. The court shall determine whether the order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. Costs shall be in the discretion of the court. If the court finds that the order of the inspector of buildings is unreasonable, the inspector of buildings or other designated officer shall issue no other order pursuant to the authority of this section in regard to the same building or part thereof until its condition is substantially changed. The remedies provided in this subsection are exclusive remedies and anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building.

\* \* \* \* \* \*

(8)(c) Either the owner or the city or village may appeal to the court of appeals within 30 days from the date of entry of the order of the circuit court. WIS.STAT. § 66.05 (1979–80).[1]

Pursuant to § 66.05, the Vandenplases filed suit in Waukesha County Circuit Court to enjoin the proposed destruction of the buildings. The court entered a temporary restraining order as required by the statute, and conducted a hearing on September 3 and 4, 1980. The building inspector testified to the condition of the building and the unreasonableness of repairs, Mr. Vandenplas testified to the agricultural use of the buildings and his intention to effect repairs and the judge viewed the property.

The court entered an order on September 8, 1980, finding the raze order reasonable, but staying any demolition for six months to allow plaintiffs to repair the buildings. This order was not appealed.

The plaintiffs returned to the circuit court on March 12, 1981, seeking an extension of time to continue making repairs. The court entered a temporary restraining order as required by the statute, and held an evidentiary hearing on March 23, 1981, at which Mr. Vandenplas testified to the repairs he had made and would make. The court dissolved the temporary restraining order and refused to grant a further stay, finding substantial progress had not been made in repairing and restoring the buildings. The plaintiffs appealed to the Wisconsin Court of Appeals, which temporarily stayed the circuit court order. On April 15, 1981, the court of appeals vacated its temporary stay and dismissed the appeal, holding that the plaintiffs' failure to appeal the September 8, 1980, order barred them from challenging the reasonableness of the raze order or the denial of a permanent injunction. The appellate court further held that the circuit court had lacked authority to grant the original six month stay once it determined the raze order was reasonable. Plaintiffs did not seek further appellate review.

On May 11, 1981, the City informed the Vandenplases that it would proceed with the razing of the buildings. Mr. Vandenplas sought and obtained a temporary restraining order from the circuit court. The court then held a hearing on May 12, 1981, at which it confirmed its previous order allowing the razing of the buildings. Mr. Vandenplas then sought injunctive relief on due process and equal protection grounds in federal district court. The district court denied the motion for a temporary restraining order after a hearing and dismissed the complaint.

Finally the Vandenplases sought passage of a special resolution by the Common

---

1. Section 66.05 has since been amended in ways not relevant to this appeal. *See* WIS.STAT.ANN. § 66.05 (West 1984).

Council of the city allowing them to continue repairs and to avoid destruction of the buildings. The resolution was defeated, several individual defendants voting against it, allegedly with the consent of the mayor, also a defendant. On June 12, 1981, the buildings were razed by employees of the city public works department. Plaintiffs allege that during the demolition they were subjected to excessive force by the police defendants.

Plaintiffs seek a declaratory judgment that § 66.05 is unconstitutional on its face as providing inadequate notice and opportunity for hearing, and as applied to their property since the property was not in the condition complained of and was not significantly different from other uninhabited farm properties in the city which have not been subject to raze orders. They also allege that both the condemnation order and the refusal to grant a variance were motivated by a desire to retaliate for Mr. Vandenplas's exercise of his First Amendment rights and his successful opposition to previous actions brought against him by the city. The plaintiffs also seek compensatory and punitive damages. The plaintiffs' claims were summarized by the district court as follows:

"(1) The property owners, Mr. and Mrs. Vandenplas, sue the Building Inspector and the City of Muskego for razing their buildings rather than allowing them to repair them. It is alleged that such behavior was in violation of the equal protection and due process clauses of the Fourteenth Amendment.

"(2) The property owners, Mr. and Mrs. Vandenplas, sue the Building Inspector, the Mayor, and the City of Muskego for razing their buildings. It is alleged that such behavior was retaliatory punishment against Mr. and Mrs. Vandenplas for exercising their rights to disagree with the City, resist it in the courts, and maintain their property as farm property in the face of residential objection.

"(3) The property owners, Mr. and Mrs. Vandenplas, sue the four-member majority of the Common Council, the Building Inspector, the Mayor, and the City for refusing a special resolution that would have permitted them to complete repairs and avoided destruction of the buildings. It is alleged that such refusal was retaliatory punishment against Mr. and Mrs. Vandenplas for exercising their rights to disagree with the City, resist it in the courts, and resist the original raze order.

"(4) The property owners, Mr. and Mrs. Vandenplas, and their daughter, Barbara, sue the Mayor, the Building Inspector and the Richard Roe police defendant for excessive force on the scene of the demolition of the buildings on June 12, 1981.

"(5) As to all of the above claims the City of Muskego is also a defendant on the basis of its indemnity liability under § 895.46, Wis.Stats., as to any individual defendant found liable, upon the basis that all defendants were acting within the scope of their respective employments.

"(6) As to claims (1) and (2) above the John Doe public works defendant is joined for executing the constitutional violations in the actual razing of the buildings."

Decision and Order of the district court, July 22, 1982, at 5 (quoting plaintiffs' brief answering defendants' motion for summary judgment at 8–9).

The district court granted summary judgment for defendants on claims (1) and (2) on the grounds that they were barred as *res judicata* by the state court proceedings. The court also held that claims (3) and (6) did not state actionable claims under the circumstances of this case. Thus summary judgment was granted on all but claim (4) and so much of claim (5) as related to indemnification for liability imposed on account of claim (4). The plaintiffs amended their complaint to name individual police officers, and claim (4) was tried to a jury. The trial court dismissed some of the named police officers after the plaintiffs' evidence, and the jury returned a verdict in

favor of the remaining defendants. Plaintiffs appeal the grant of summary judgment on claims (1) and (2) as *res judicata* and on claims (3) and (6) for failure to state a claim upon which relief may be granted. Plaintiffs also appeal the jury verdict as against the weight of the evidence.

## II.

■ A state court judgment must be given the same *res judicata* effect in federal court that it would be given in the courts of the rendering state. *Migra v. Warren City School District Board of Education,* — U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Mandarino v. Pollard,* 718 F.2d 845, 848 (7th Cir.1983), *cert. denied,* — U.S. ——, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); 28 U.S.C. § 1738. *But see Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150 (7th Cir.) (*en banc*) (federal courts may give greater *res judicata* effect to state court judgments than would courts of rendering state), *cert. granted,* — U.S. ——, 104 S.Ct. 3553, 82 L.Ed.2d 854 (1984). This rule applies to § 1983 actions with respect to the issues actually litigated, *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and also issues which could have been but were not litigated in the state court proceedings, *Lee v. City of Peoria,* 685 F.2d 196, 198–99 (7th Cir.1982). *Migra v. Warren City School District Board of Education,* — U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus our determination whether the Vandenplases' § 1983 claim is barred turns on the preclusive effect the various state court proceedings would have under the law of Wisconsin.

■ Wisconsin *res judicata* doctrine states that a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or might have been litigated in the former proceedings. *DePratt v. West Bend Mutual Insurance Co.,* 113 Wis.2d 306, 310, 334 N.W.2d 883, 885 (1983); *Barbian v. Lindner Bros. Trucking Co.,* 106 Wis.2d 291, 316 N.W.2d 371 (1982); *Leimert v. McCann,* 79 Wis.2d 289, 255 N.W.2d 526 (1977); *Gohr v. Beranek,* 266 Wis. 605, 64 N.W.2d 246 (1954).

■ Plaintiffs admit that their due process, equal protection and retaliation arguments were not raised in the state court proceedings, but argue that § 66.05 proceedings, which have been held to be the exclusive means of challenging a § 66.05 raze order, *Gehr v. City of Sheboygan,* 81 Wis.2d 117, 260 N.W.2d 30 (1977); *Donley v. Boettcher,* 79 Wis.2d 393, 255 N.W.2d 574 (1977), are relatively narrow, and that they could not raise their constitutional claims in the § 66.05 proceeding. Although it is true that the circuit court in a § 66.05 action may determine only the reasonableness or lack of reasonableness of the raze order and repairs, and may not order more repairs than are necessary to protect the public interest, *Donley v. Boettcher,* 79 Wis.2d 393, 255 N.W.2d 574 (1977), it does not follow that the property owner cannot raise constitutional issues. A raze order issued in retaliation for First Amendment activities would not, indeed could not, be reasonable. A successful claim of unconstitutionality would be, in effect, an affirmative defense to the reasonableness of a raze order. And an affirmative defense not raised cannot be used to collaterally attack the judgment in which it could have been but was not interposed. *Conway v. Division of Conservation, Dept. of Natural Resources,* 50 Wis.2d 152, 183 N.W.2d 77, 81 (1971). In addition, the Wisconsin Supreme Court has considered challenges to the constitutionality of § 66.05 in § 66.05 proceedings. *Posnanski v. City of West Allis,* 61 Wis.2d 461, 213 N.W.2d 51 (1973); *City of Appleton v. Brunschweiler,* 52 Wis.2d 303, 190 N.E.2d 545 (1971). *See also Baker v. Mueller,* 222 F.2d 180 (7th Cir.1955). Therefore, we conclude that the Vandenplases' claims could have been raised in the § 66.05 proceedings.

■ The fact that damages are not available in § 66.05 actions does not alter this result. If the Vandenplases had raised the constitutional issues and prevailed, the demolition would never have taken place,

and there would be no damages to award. If the Vandenplases had not prevailed on the constitutional issues, there would be no constitutional violation for which to award damages.

 The plaintiffs' reliance on *Barbian v. Lindner Bros. Trucking Co.*, 106 Wis.2d 291, 316 N.W.2d 371, 374–75 (1982) is misplaced. In that case the Wisconsin Supreme Court adopted an exception to general *res judicata* principles, holding that a judgment in a claim for declaratory relief is only binding as to issues actually litigated and decided, and is not binding as to issues which might have been litigated but were not. The Vandenplases here sought injunctive, not declaratory, relief in the state proceedings. Judgments in injunctive proceedings, as distinguished from declaratory judgments, bar later litigation of issues which might have been raised but were not. *Leimert v. McCann*, 79 Wis.2d 289, 293–94, 255 N.W.2d 526, 529 (1977); *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982). *See also State v. Donohue*, 11 Wis.2d 517, 523, 105 N.W.2d 844, 847–48 (1960) (principle of *res judicata* not inapplicable if former adjudication is rendered in special proceeding rather than in traditional common law action). Thus, the district court was correct in granting summary judgment on claims (1) and (2) as barred by *res judicata.*

 Plaintiffs' second claim on appeal is that the trial court erred in dismissing claims (3) and (6) for failure to state a claim upon which relief could be granted. The Vandenplases' claim (3) is not that the Common Council was required to reconsider the raze order, but that it had the power to issue a special resolution revoking the raze order. The trial court was

> satisfied that the council members were entitled to rely on the judicial adjudication of the reasonableness of the raze order and to carry out the court order, whatever their motives in so doing, without fear of incurring liability for effectuating a valid court order.

Decision and Order of July 22, 1982, at 8. (The same reasoning was applied in dismissing claim (6) against the unnamed public works defendants.) The district court's reasoning seems too sweeping, but, at least as applied here, reaches the correct result. Although plaintiffs make conclusory allegations of retaliation, *see* Complaint ¶ 19, they have not sufficiently alleged, nor submitted any affidavits or evidence tending to show, that they were treated in a discriminatory manner by the city council. They do not, for instance, assert that the council had a general practice of passing special resolutions to reverse raze orders for structures belonging to others who were in the situation of the Vandenplases but who had not engaged in protected First Amendment activity. In a case where facts implicating the First Amendment *were* properly alleged, the motives of the members of the town council in relying on the state court adjudication would presumably be relevant. *Compare Hanover Township Federation of Teachers v. Hanover Community School Corp.*, 457 F.2d 456 (7th Cir.1972) (affirming dismissal of action alleging retaliatory discrimination brought by 22 union members where no allegation or evidence that individual contracts offered plaintiffs were less favorable than those accepted by non-union teachers or than those contracts defendants were required to offer to reinstated union leaders) *with McGill v. Board of Education*, 602 F.2d 774 (7th Cir.1979) (evidence supported jury verdict that transfer of teacher from one school to another was in retaliation for protected speech; there were specific allegations of retaliatory motivation as evidenced by defendants' statements). Absent some such allegations, however, claims (3) and (6) fail to state a claim upon which relief may be granted, and summary judgment for the defendants was proper.

 The final issue on appeal is the propriety of the jury verdict in favor of the defendant police officers. The question of credibility and weight of the evidence is within the purview of the jury, whose verdict cannot be lightly set aside so long as it has a reasonable basis in the record. *Lenard v. Argento*, 699 F.2d 874, 882 (7th

Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983). We view the evidence in the light most favorable to the prevailing parties. *Id.* The evidence in the present case included testimony by plaintiffs and their witnesses as well as by the police defendants. In addition, the jury watched two videotapes, one made by each side, of certain events involving the alleged excessive use of force. On reviewing the evidence, including the videotapes which both parties specially invited us to view, we find "there was a reasonable basis in the record for the jury verdict." *Id.* The verdict will not be disturbed.

For the reasons given above, the judgment of the district court will be, and is, AFFIRMED.