**Lawrence VANDENPLAS and Barbara Vandenplas, Plaintiffs,**

v.

**CITY OF MUSKEGO, et al., Defendants.**

Civ. A. No. 81–C–1043.

United States District Court, E.D. Wisconsin.

July 1, 1985.

---

Robert E. Sutton, Milwaukee, Wis., for plaintiffs.

Raymond J. Pollen, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiffs brought this action for damages and declaratory relief pursuant to 42 U.S.C. § 1983 and the court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. The action is before the court on the defendants' renewed motion for attorneys' fees as the prevailing parties pursuant to 42 U.S.C. § 1988. The defendants initial motion for attorneys' fees was denied without prejudice pending appeal. The disposition of this case was affirmed on appeal, *Vandenplas v. City of Muskego*, 753 F.2d 555 (7th Cir.1985), and the renewed motion is fully briefed and ready for decision.

The plaintiffs sought redress against the City of Muskego and various city officials and employees for the city's ultimately successful effort at obtaining and executing a condemnation order to raze an old farmhouse and barn used for storing grain and housing hogs, respectively, on the plaintiffs' property. The condemnation order was issued pursuant to § 66.05 Wis.Stats. on August 8, 1980, and after several state court hearings, an appeal to the Wisconsin Court of Appeals, and the denial of injunctive relief in federal district court, the house and barn were destroyed on June 12, 1981. This action was filed on August 5, 1981.

The complaint raised six claims, only one of which went to trial. The defendants were granted summary judgment on Counts 1 and 2, which alleged that the decision to condemn the buildings violated the plaintiffs' constitutional rights to due process and equal protection and was taken in retaliation for the plaintiffs' exercise of their First Amendment rights, because these claims could have been raised in the prior state court proceedings and were consequently precluded on grounds of res judicata.

The defendants were also granted summary judgment on claim 3, which alleged that the members of the common council, the mayor, the building inspector and the city were liable because they failed to adopt a special resolution, after the conclusion of the state court proceedings, to permit the plaintiffs to repair the buildings and avoid the raze order. The Court ruled that the claim that the council failed to adopt the resolution in retaliation for the plaintiffs' exercise of their First Amendment was not actionable under the circumstances presented. The state court found that the raze order was reasonable after viewing the property, and the council was entitled to rely on this finding, absent some allegation that the council had a general practice of passing special resolutions to reverse raze orders for structures belong-

ing to individuals who had not engaged in First Amendment activity.

Finally, summary judgment was granted on claim 6, which joined the public works employees who executed the raze order, because the order itself was constitutional. Claim 5 simply alleged that the City was a proper defendant on the basis of its statutory indemnity liability for the actions of its employees acting within the scope of their employment. Consequently, claim 5 was dismissed to the extent that it related to indemnification for the claims that were dismissed. Only the claim that the police used excessive force against the plaintiffs on the day the raze order was executed went to trial.

■■■■ The defendants' motion for attorneys' fees under § 1988 must be considered under the same standard applicable to a defense request for fees under Title VII of the Civil Rights Act of 1964. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Thus, "a district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1977). The mere fact that the plaintiff did not prevail is not a sufficient reason for finding his action unreasonable or without foundation, however, and the court should not engage in *post hoc* reasoning. *Id.*

■■■■ Applying these principles to the facts of this case, the Court finds that each of the claims dismissed prior to trial were utterly frivolous. The plaintiffs were given ample opportunity to challenge the raze order in the state courts and the claim that they were denied due process under the condemnation statute was meritless. Moreover, the plaintiffs' constitutional claims related to the issuance and execution of the condemnation order by the city and its officials were a transparent attempt to seek collateral review of a final state court judgment. Under the statute, the state court made specific findings that the buildings constituted a public nuisance and that the raze order was reasonable. The plaintiffs could have raised their claims of retaliation in the state proceeding and failed to do so.

The argument that the statute is unconstitutional because it prevents a property owner from spending an excessive amount to repair a dilapidated structure is equally frivolous under the facts of this case. Despite its finding that the raze order was reasonable, the state court stayed the order for six months to allow the plaintiffs to make repairs. The plaintiffs failed to take advantage of this opportunity, yet sought damages in this action in part because they were not given additional time to make repairs. Although the Court of Appeals ruled after the fact that the six month stay was improper, the plaintiffs were not damaged by the statutory presumption that repair is unreasonable if the costs are excessive.

The plaintiffs claim that they were denied equal protection since their agricultural property was judged by a standard applicable to residential property was also frivolous. The statute applies to buildings that are unfit for human habitation, occupancy or use. The plaintiffs did not contend that the buildings were not used by humans. The focus of the statute is on the condition of the building, and not on the use to which it is put. The state court judge viewed the buildings before finding the raze order reasonable, and the plaintiffs had an opportunity to challenge this finding in the state courts. The plaintiff presented no evidence to suggest that similarly situated agricultural buildings were treated more favorably.

The plaintiffs' claim that the police used excessive force against them on the day the buildings were razed was tried, and the jury found that the defendants were not liable and that the plaintiffs had suffered no damages. The jury's verdict does not compel a finding that this claim was frivolous, however, since reasonable minds could differ on the evidence presented. Al-

though the excessive force claim was weak, it was not without foundation as a matter of law like the claims dismissed before trial. Consequently, the Court will deny the defendants' motion for attorneys' fees for any work attributable to defending against the excessive force claim.

The Court is mindful of the fact that prevailing defendants seeking attorney's fees under § 1988 face a heavy burden so that plaintiffs are not discouraged from attempting to enforce their constitutional or statutory rights under § 1983. Nonetheless, the Court finds that the defendants are entitled to an award of fees in this case, since all but one of the plaintiffs' claims were utterly frivolous and unreasonable and the pursuit of these claims was a waste of judicial resources. Attorneys who represent plaintiffs in § 1983 actions have an obligation to other parties, the court, and especially to their clients, to realistically assess potential claims in light of the facts and to inform their clients when they have no valid claim and to retreat from asserted claims once discovery fails to disclose a sufficient factual basis to support them. Thus, § 1988 works both to encourage the pursuit of meritorious claims by "private attorney generals" and as a sanction in cases like this where the plaintiffs unreasonably require persons acting under color of state law to defend their actions.

The Court has reviewed the detailed affidavit of time spent defending this action and finds the amount of time spent justified and the hourly rate requested reasonable and consistent with the prevailing rate for similar work in this area. Counsel for the defendants is directed to "break out" those entries attributable to defending the excessive force claim and file a supplementary affidavit on or before July 19, 1985, setting forth the time spent defending the claims dismissed prior to trial. The plaintiffs shall file any objections to the computations set forth in the supplementary affidavit within 10 days of receipt thereof.

IT IS THEREFORE ORDERED that the defendants' motion for attorneys' fees is granted in part and the parties shall proceed in accordance with this decision.