Lawrence **VANDENPLAS** and Barbara Vandenplas, Plaintiffs-Appellants,

v.

**CITY OF MUSKEGO, et al.,**
Defendants-Appellees.

No. 85–2477.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1986.

Decided July 25, 1986.

Walter F. Kelly, Sutton & Kelly, Milwaukee, Wis., for plaintiffs-appellants.

Raymond Pollen, Riordan, Crivello, Carlson, & Mentkoski, Milwaukee, Wis., for defendants-appellees.

Before HARLINGTON WOOD, JR., FLAUM, and RIPPLE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Plaintiffs-appellants Lawrence and Barbara Vandenplas appeal from the district court's award of attorneys' fees to the defendants-appellees pursuant to 42 U.S.C. § 1988. The court concluded that the Vandenplases' suit brought pursuant to 42 U.S.C. § 1983 was frivolous and that the defendants were therefore entitled to recover their fees. Because we find that the district court abused its discretion in finding that the section 1983 action was meritless, we reverse its decision awarding attorneys' fees.

I.

Lawrence Vandenplas and his wife, Bernice, were owners of property in Muskego, Wisconsin. Although they did not reside on the property, the Vandenplases did farm the land. The focal point of the dispute in the case centers around two buildings the Vandenplases maintained on the property. One of these buildings was used as a barn and the other was used as a grainery.

On August 8, 1980, Gerald P. Lee, acting in his capacity as Muskego building inspector, issued a condemnation order for the barn and grainery pursuant to Wis.Stat. Ann. § 66.05. Under this statute, building inspectors, among others, are authorized to order that the owner of any building raze it if, in the inspector's judgment, the structure "is so old, dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation, occupancy or use, and so that it would be unreasonable to repair the same...." Wis.Stat.Ann. § 66.05(1)(a). As provided for under Wisconsin law, the Vandenplases, as soon as the condemnation order was issued, filed an action in state court seeking to enjoin the demolition of the buildings. The state court issued a temporary restraining order and scheduled a hearing on the matter. Pursuant to Wis. Stat.Ann. § 66.05(3), the court was limited to determining "whether the order of the inspector of buildings [was] reasonable...." If the order was reasonable, the court was required to dissolve its restraining order.

In the instant case, although the court determined that the order providing for the demolition of the Vandenplases' buildings was reasonable, it nonetheless granted a six-month stay to allow time for repairs to be made. Near the end of the six-month period the Vandenplases, after already having begun repairs on the barn and grain-

ery, petitioned the state court for an extension of the stay. The court refused and the Vandenplases appealed. The state appellate court ultimately dismissed the case and, in so doing, noted that the state trial court had erred in granting the six-month stay in the first place. The appellate court concluded that under the statute once the trial court determined that the raze order was reasonable it has no further authority to stay the demolition.

After this determination, the Vandenplases sought injunctive relief in federal district court which was ultimately denied. The Vandenplases' attempt to persuade the Muskego Common Council to reverse the raze order was similarly unsuccessful. On June 12, 1981, the structures were demolished.

The Vandenplases subsequently brought a section 1983 action alleging that Wis.Stat. Ann. § 66.05 was unconstitutional both on its face and as applied in their case. The Vandenplases also alleged that the Common Council's action upholding the condemnation order constituted unlawful retaliation against them in violation of their first amendment rights. Finally, Lawrence Vandenplas, along with his daughter Barbara, claimed that they were subjected to excessive force by Muskego officials in violation of their constitutional rights on the date that the buildings were razed.

The district court ultimately granted summary judgment in favor of the defendants on all claims except the claim alleging use of excessive force. This claim was tried to a jury which found that the Vandenplases' constitutional rights had not been violated. We affirmed the result reached by the district court denying the Vandenplases relief. *Vandenplas v. City of Muskego,* 753 F.2d 555 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 3481, 87 L.Ed.2d 616 (1985).

The defendants thereafter sought an award of attorneys' fees pursuant to section 1988. On July 1, 1985, 612 F.Supp. 342, the district court concluded that the defendants were entitled to fees incurred in litigating all of the Vandenplases' claims

except the one alleging excessive use of force. The court concluded that, apart from the excessive force claim, the remaining claims brought by the Vandenplases were "utterly frivolous." The court directed the defendants to submit a schedule showing the fees they incurred excluding those fees attributable to the excessive force claim. Armed with this information, the district court, on August 8, 1985, awarded the defendants $5,425.20 in attorneys' fees. The Vandenplases appeal from this order.

## II.

Before reaching the merits of the fee question, we must first deal with the defendants' claim that we lack jurisdiction to consider the district court's fee award. The defendants argue that the Vandenplases' notice of appeal, filed August 27, 1985, with regard to the court's July 1, 1985 order, was untimely. Pursuant to Fed.R. App.P. 4(a) a notice of appeal, for purposes of this case, must be filed within thirty days of the district court's decision in order to be timely. The defendants therefore contend that the Vandenplases can challenge on appeal only the district court's order, dated August 8, 1985, granting a specific amount of fees and not the July 1 order which stated that the defendants were entitled to a fee award in the first place.

■ Although we agree with the defendants that timely filing of a notice of appeal is jurisdictional, *Crowder v. Telemedia, Inc.,* 659 F.2d 787, 788 (7th Cir.1981) (per curiam) (citing *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)), we nonetheless believe that the Vandenplases' August 27 notice of appeal was timely with respect to the July 1 order. In *Crowder,* we held that an order "awarding attorneys' fees, but not determining the amount, is an interlocutory order incidental to and a predicate" for the judgment actually directing a specified fee award. 659 F.2d at 788. We see no reason to reexamine this result and therefore hold that the

court's July 1 order was merely interlocutory and a predicate for the August 8 order setting the actual fee award.[1] The defendants' contention that the Vandenplases' notice of appeal was untimely is, accordingly, without merit.[2]

■ Even conceding this point, the defendants, relying primarily on *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), argue that the Vandenplases waived any right to challenge the August 8 order by failing to oppose the fee award in the district court. In reviewing an award of attorneys' fees, the Court in *Blum* did decline to consider the petitioner's argument that the hours charged by respondents' counsel were unreasonable because the petitioner had failed to present evidence on this point to the district court. *Id.* at 1545 n. 5. In the instant case, the district court similarly found that the Vandenplases did not contend that the amount of the fee award was unreasonable. However, unlike *Blum*, the Vandenplases do not seek to challenge the reasonableness of the hours for which the defendants seek fees; rather, they only challenge the district court's conclusion that a fee award was warranted in the first place. With respect to this latter point, the record indicates that the Vandenplases filed a brief in the district court opposing the defendants' motion for attorneys' fees. In these circumstances, we conclude that the Vandenplases did not waive their right to challenge the court's decision to award fees.

The defendants' reliance on *Blum* for a contrary result is misplaced.

## III.

With these preliminary matters disposed of we can proceed to an examination of the merits of the district court's fee award. Under 42 U.S.C. § 1988, the court in a section 1983 action may, in its discretion, "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Plaintiffs are considered to be prevailing parties " 'for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helegemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). This standard does not apply to prevailing defendants, however, who must satisfy a more demanding standard to be entitled to a fee award. *Curry v. A.H. Robins Co.*, 775 F.2d 212, 219 (7th Cir. 1985); *Hershinow v. Bonamarte*, 772 F.2d 394, 395 (7th Cir.1985). In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court concluded that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. at 701. *See Hughes v.*

---

1. We are aware that in several cases involving fee awards we have reviewed the decision to award fees before the specific amount of the fee award had been established. *E.g., Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1006 (7th Cir.1984); *Wang v. Gordon*, 715 F.2d 1187, 1190 (7th Cir.1983). The decisions in *Suslick* and *Wang* differ from the present case, however, in that the initial grant of attorneys' fees in those cases was reviewed in conjunction with an appeal from a final judgment on the merits. The defendants fail to cite any cases in which the court has reviewed an unquantified fee award apart from appeals in which a final judgment on the merits was also involved. We see no reason to depart from this course and engage in piecemeal review of unquantified fee awards

which are merely predicates to final specific fee determinations.

2. The defendants, relying on Fed.R.App.P. 3(c), argue that by failing to mention the July 1 order in their notice of appeal the Vandenplases have somehow "forfeited" the right to challenge that order on appeal. We recognize that Rule 3(c) requires, among other things, that a notice of appeal "shall designate the judgment, order or part thereof appealed from...." Nonetheless, because the July 1 order was merely a predicate for the August 8 order, the Vandenplases' notice of appeal with respect to the August 8 order was sufficient to allow a challenge both to the decision to grant fees as well as the specific fee award.

*Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam) (applying *Christiansburg* standard to fee cases arising under section 1988). A defendant must demonstrate that the plaintiff's claim is "groundless or without foundation," though a showing of subjective bad faith by the plaintiff is not required. *Christiansburg,* 434 U.S. at 421, 98 S.Ct. at 700. *Accord Tarkowski v. County of Lake,* 775 F.2d 173, 176 (7th Cir.1985) ("A suit is frivolous if it has no reasonable basis, whether in fact or in law."). Although a defendant need not show bad faith, the existence of a frivolous suit is more clearly apparent when it is brought merely "to harass or oppress" such as the case where the plaintiff sues "not in the hope of winning but solely in order to put the defendant to the burden of defending himself." *Id.*

The strict standard imposed on prevailing defendants is meant to ensure that no "chilling effect" is imposed upon plaintiffs seeking to vindicate their civil rights who might otherwise be hesitant to file suit for fear of a large fee award against them. *Hershinow,* 772 F.2d at 395. As we have noted, although Congress has allowed for prevailing defendants to recover fees incurred in meritless suits, "courts must recognize both the substantial risks inhering in most litigation and the danger of post hoc rationalization in agreeing to award attorney's fees to defendants." *Id.*

Nonetheless, simply because fee awards to defendants are appropriate in only a few situations does not mean that we have a free hand to overturn a district court's decision to award fees. As in all other cases arising under section 1988, a district court's decision to award fees to a prevailing defendant should be reversed only upon a showing of abuse of discretion. *Curry,* 775 F.2d at 219. "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. An abuse of discretion warranting reversal "occurs only when no reasonable person could take the view adopted by the trial court." *Lynch v. City of Milwaukee,* 747 F.2d 423, 426 (7th Cir.1984).

In the present case, the district court concluded that the Vandenplases' claims, excluding the excessive force claim, were "utterly frivolous" and awarded the defendants fees incurred in defending against them. The court concluded that the Vandenplases' claims that section 66.05 was unconstitutional both on its face and as applied were barred as *res judicata* since they could have been raised in the state proceeding regarding the reasonableness of the raze order. Similarly, the court found that the Vandenplases' claim against, among others, the Common Council for refusing a special resolution which could have blocked the demolition of the buildings and the claim against an unidentified city employee for unlawfully razing the buildings did not state actionable claims under the circumstances in the present case.

With respect to the *res judicata* issue, the Vandenplases contended that claims challenging the constitutionality of section 66.05 could not be raised in a section 66.05 proceeding; indeed, they argued that by its own terms section 66.05 allows only for the state court to determine the reasonableness of the raze order. In *Vandenplas v. City of Muskego, supra,* we concluded otherwise. We noted that federal courts must generally give the same *res judicata* effect to a state court decision that courts in the rendering state would give the decision. 753 F.2d at 559. *See* 28 U.S.C. § 1738.[3]

---

3. In pertinent part, 28 U.S.C. § 1738 provides that the judicial proceedings of any court of any state

shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State … from which they are taken.

The Supreme Court has stated "that an exception to § 1738 will not be recognized unless a later statute contains an express or implied partial repeal." *Kremer v. Chemical Construction*

We also noted that this rule is applicable to section 1983 actions with regard to both issues that were litigated in state court and those which could have been but, for whatever reason, were not. 753 F.2d at 559 (citing, *inter alia, Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and *Lee v. City of Peoria,* 685 F.2d 196 (7th Cir.1982)). We therefore proceeded to examine Wisconsin *res judicata* law which we noted provides "that a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or might have been litigated in the former proceedings." *Id.* We then noted that although courts under section 66.05 may only look to the reasonableness of a raze order, the fact that a particular order may violate a party's constitutional rights could make the order unreasonable. As a result, the alleged unconstitutionality of a raze order could serve as an affirmative defense in a section 66.05 proceeding. In fact, we noted that the Wisconsin Supreme Court had already permitted constitutional challenges to section 66.05 in section 66.05 proceedings. *Id.* (citing *Posnanski v. City of West Allis,* 61 Wis.2d 461, 213 N.W.2d 51 (1973), and *City of Appleton v. Brunschweiler,* 52 Wis.2d 303, 190 N.W.2d 545 (1971)).

We also rejected the Vandenplases' argument that, under *Barbian v. Lindner Bros. Trucking Co.,* 106 Wis.2d 291, 316 N.W.2d 371, 374–75 (1982), their action was not barred as res judicata. In *Barbian,* the Wisconsin Supreme Court created an exception to the doctrine of *res judicata* concluding that in an action for declaratory relief only those issues actually litigated, as opposed to those which could have been raised, would be barred in future actions. We concluded, however, that the Vandenplases' reliance on *Barbian* was misplaced since it applied solely to actions for declaratory relief whereas the Vandenplases had sought only injunctive relief in the state courts. *Vandenplas,* 753 F.2d at 560.

◼ Although this is a close case, we believe that the district court abused its discretion in concluding that the claims found to be barred as *res judicata* were frivolous. We are in accord with the defendants' view that under Wisconsin law the constitutional claims would be barred as *res judicata* in future state court proceedings. Nonetheless, we agree with the Vandenplases that, at least to a small degree, the question of the application of the doctrine of *res judicata* and section 1738 in this case was still in flux during the relevant time period.

Eight months prior to the time the Vandenplases filed the present suit, the Supreme Court in *Allen v. McCurry, supra,* reached directly for the first time the issue of whether the general principles of *res judicata* and collateral estoppel are applicable to actions under section 1983. Although the Court in *Allen* noted that the doctrine of *res judicata* will bar claims that have been fully and fairly adjudicated by state courts from being relitigated in the guise of a section 1983 action, the Court explicitly declined to reach the issue of whether the doctrine of *res judicata* would serve to bar a section 1983 plaintiff seeking "to litigate in federal court a federal issue which he could have raised but did not raise in an earlier state-court suit against the same adverse party." *Id.* 449 U.S. at 97 n. 10, 101 S.Ct. at 416 n. 10. The Supreme Court came closer to answering this question in *Kremer v. Chemical Construction Corp., supra.* In *Kremer,* the Court concluded that collateral estoppel would apply to state court decisions which were subsequently relitigated as Title VII actions in federal court. In a footnote, the Court also noted that a litigant would be unable to escape the requirements of full faith and credit pursuant to 28 U.S.C. § 1738 or the principles of *res judicata* " 'by asserting its own failure to raise matters clearly within the scope of a prior proceeding.' " 456 U.S. at 465 n. 4, 102 S.Ct. at 1889 n. 4 (quoting *Underwriters Corp.,* 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982).

*National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Association,* 455 U.S. 691, 710, 102 S.Ct. 1357, 1369, 71 L.Ed 2d 558 (1982)).

Relying on *Kremer,* this court in *Lee v. City of Peoria, supra,* found no reason to distinguish between actions under section 1983 and those brought pursuant to Title VII for purposes of applying the doctrine of *res judicata* and, accordingly, concluded that the doctrine of *res judicata* bars a section 1983 plaintiff from relitigating both claims that were previously raised and upon which a final judgment was issued and those claims which could have been raised but were not. 685 F.2d at 199.

What is significant, for purposes of the present case, is the fact that the district court's fee award applies solely to time expended by defendants' counsel prior to our decision in *Lee.* In light of the Supreme Court's decision in *Allen,* it was at least arguable that prior to *Lee* the principles of *res judicata* and section 1738 would not bar the Vandenplases' section 1983 action challenging the constitutionality of section 66.05 in this circuit.[4] Given these circumstances, we believe that the district court abused its discretion in concluding that the Vandenplases' constitutional claims were sufficiently without merit to justify an award of fees to the prevailing defendants. Accordingly, we must reverse the district court's award of fees resulting from the Vandenplases' challenge to the constitutionality of section 66.05 prior to the *Lee* decision. Since the defendants were neither awarded nor seek fees for time expended in defending against the Vandenplases' action thereafter, we need not consider whether the constitutional claims subsequently became frivolous.

Apart from the claims barred as *res judicata,* the district court also found that the Vandenplases' claims against, among others, Muskego's Common Council and against an unidentified city employee were frivolous. The claims involving the Common Council alleged that the Council's actions constituted unlawful retaliation in violation of the first amendment. The claim against the unidentified employee alleged, among other things, unconstitutional retaliation for effecting the demolition of the Vandenplases' buildings. The district court dismissed all of these claims for failure to state a claim finding that the Common Council and the unidentified employee "were entitled to rely on the judicial adjudication of the reasonableness of the raze order and to carry out the court order, whatever their motives in so doing, without fear of incurring liability for effectuating a valid court order." Mem.Opin. at 8.

We subsequently affirmed the district court's decision concluding that although the Vandenplases' complaint mentioned retaliation it failed to allege or produce sufficient evidence to show that they had been treated in a discriminatory manner. *Vandenplas,* 753 F.2d at 560. We did note, however, that where facts alleging a first amendment violation were properly asserted, the motives of the defendants would presumably be relevant and could state a claim upon which relief could be obtained. *Id.*

■ Although the Vandenplases failed to make the properly substantiated allegations, we do not believe that their claims were frivolous for purposes of section 1988. It goes without saying that simply because a plaintiff's section 1983 claim is

---

4. We do note that in *Blankner v. City of Chicago,* 504 F.2d 1037 (7th Cir.1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed 2d 101 (1975), we held that in a federal civil rights case a plaintiff could be barred by the doctrine of *res judicata* from raising claims that could have been, but were not, raised in a state proceeding. *Id.* at 1042. Nonetheless, the Supreme Court's decision in *Allen* at least arguably allowed room to contest whether the Court would adopt the *Blankner* approach. Indeed, it was not until after *Kremer* that we acted to reaffirm our holding in *Blankner* on the *res judicata* issue. *Lee,* 685 F.2d at 199. Under these circumstances, we do not believe that the Vandenplases' section 1983 action challenging the constitutionality of section 66.05 was frivolous.

dismissed does not mean that it was frivolous. *See Hershinow*, 772 F.2d at 395 (noting that because a plaintiff loses a case does not necessarily present a sufficient basis upon which to support a fee award to the prevailing defendant). If this were the case, every civil rights claim that was ultimately dismissed could be the basis for a fee award to the prevailing defendant. At the time that the Vandenplases initiated their lawsuit, there was no doubt that a cause of action existed for retaliatory action against first amendment rights. *E.g., McGill v. Board of Education*, 602 F.2d 774 (7th Cir.1979). We do note that the Vandenplases failed to produce any evidence or affidavits showing that they had been treated in a discriminatory manner which is necessary to support the retaliation claims. This alone does not make these claims frivolous, however. *See Hughes v. Rowe*, 449 U.S. at 15–16, 101 S.Ct. at 179 (noting that "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation'...."). There is no indication that the Vandenplases acted in bad faith in filing these claims or that they acted merely to harass the defendants. The record indicates that they moved forward on the retaliation claims only to find the evidence insufficient to support them. In this legal and factual context, we believe that the district court abused its discretion in finding that these claims rise to that level of frivolousness necessary to justify a fee award to prevailing defendants. Accordingly, we conclude, although we view it as a very close question, the district court's decision to award fees must be reversed.[5]

## III.

The district court's decision awarding fees to the defendants is

REVERSED.

---

5. Again, because the defendants have not requested fees for time expended after the initial dismissal of the retaliation claims, we express no opinion as to whether such claims were unreasonably pursued thereafter.