**BATTEAST CONSTRUCTION COMPANY, INC.,**
Plaintiff,

v.

**HENRY COUNTY BOARD OF COMMISSIONERS, et al.,**
Defendants.

No. IP00–1229–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 21, 2002.

Stanley E. Niew, Niew and Associates, Oak Brook, IL, for Plaintiff.

Terrill D. Albright, Baker & Daniels, Indianapolis, IN, Philip D. Burroughs, Cremer Miller & Burroughs, Indianapolis, IN, Ronald J. Semler, Stephenson Daly Morow Horn & Semler, Indianapolis, IN, for Defendants.

## ENTRY ON PROJECT MANAGEMENT SERVICES INC'S MOTION FOR COSTS AND FEES

BARKER, District Judge.

Defendants Henry County Board of Commissioners and Project Management Services, Inc. ("PMSI") have filed motions asking us to award costs and attorney fees to be taxed against the plaintiff, Batteast Construction. For the following reasons, we GRANT Henry County's request for costs in the amount of $3,757.99 and PMSI's request for costs in the amount of $450.30, pursuant to Fed.R.Civ.P. 54(d), but we DENY the requests of both defendants for attorney fees.

### Discussion

A. *Costs.*

■ Rule 54(d)(1) provides in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." The Rule has been interpreted literally so that awards of costs tend not to be controversial. Indeed, in our circuit "there is a heavy presumption in favor of awarding costs to the prevailing party." *See M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir.1991); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988). The decision to award costs requires only two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago,* 218 F.3d 816, 824–825 (7th Cir. 2000).

■ Here, both defendants filed their Bill of Costs on our AO133 form as our Local Rule 54.1 requests. Since the items

listed on the form track Seventh Circuit case law as to costs that are ordinarily recoverable under Rule 54(d), we conclude that the costs requested by both defendants are taxable to Batteast. *See, e.g., Majeske*, 218 F.3d at 825; *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427–428 (7th Cir.2000); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir.1997); *SK Hand Tool Corp.*, 852 F.2d at 943–44; *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir.1975).

Batteast presents no specific objection as to the reasonableness of any of the costs. It merely argues that the defendants have presented no affidavits in support of their listed items. But the AO133 form provides a "declaration" as to the truth and accuracy of the costs requested and a place for the signature of a responsible person. Both forms are signed by counsel; we construe counsels' signatures to the "declarations" to be equivalent to their signatures on affidavits. Accordingly, there is no basis for concluding that any item of cost is excessive or unreasonable and we GRANT the defendants' motion for costs.

### B. *Attorney Fees.*

Defendants' motions for attorney fees present a different set of issues and a closer call. Both Henry County and PMSI present the same arguments for attorney fees. Summarized, they are as follows.

As we noted earlier, Rule 54(d)(1) provides for "costs *other than attorneys' fees.*" Meanwhile, Rule 54(d)(2) addresses attorney fees where provided by law and 42 U.S.C. § 1988(b) make such provision, stating, in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, … 1983, … [or] 1985.., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The parties are well aware of the standard for awarding attorney fees and the analysis that the courts employ to arrive at a determination. Accordingly, we briefly summarize our rationale:

■ The lead case concerning awards of attorney fees is *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Although section 1988 refers to an award of attorney fees to a "prevailing party," in *Christiansburg* the Supreme Court drew a distinction between a "prevailing plaintiff" and a "prevailing defendant." Whereas a prevailing plaintiff should be awarded attorney fees as a matter of course, a prevailing defendant should be awarded fees only if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. at 701. See, *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir.1999); *Coates v. Bechtel*, 811 F.2d 1045, 1049 (7th Cir.1987); *Vandenplas v. City of Muskego*, 797 F.2d 425, 428 (7th Cir.1986).

■ The Court created the distinction between a prevailing plaintiff and a prevailing defendant in order to implement the powerful public policy interest in vindicating civil rights by private "attorneys general" and to avoid any chilling effect which the award of attorney fees against losing plaintiffs might have on such claims. *Christiansburg*, 434 U.S. at 416, 98 S.Ct. at 697; *Riddle v. Egensperger*, 266 F.3d 542, 557–558 (6th Cir.2001) (overturning award of fees as an abuse of discretion); *Dean v. Riser*, 240 F.3d 505, 509–510 (5th Cir.2001). Accordingly, the standard of "frivolous, unreasonable, or groundless" has been interpreted to involve an "egregious case of misconduct." *Riddle*, 266

F.3d at 547. The standard is sufficiently strenuous that "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1203 (10th Cir.2000).

■ By the same token, the courts are aware that defendants require protection against meritless claims even where civil rights are at issue. "[W]hile Congress wanted to clear the way for suits to be brought ..., it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg,* 434 U.S. at 420, 98 S.Ct. 694. Id. at 420, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648. *See, Hamer v. Lake County,* 819 F.2d 1362, 1366 (7th Cir.1987) ("The Christiansburg test is intended to strike a balance between the need to eliminate the possible 'chilling effect' on civil rights plaintiffs, who may decide not to pursue a meritorious suit for fear of suffering a fee award, and the goal of deterring plaintiffs from filing frivolous claims.") Accordingly, attorney fees may be awarded against a civil rights plaintiff when its lawsuit is "clearly frivolous" or when "the result is obvious or the appellant's arguments of error are wholly without merit." *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994). Or when the party acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations,* 140 F.3d 661, 666 (7th Cir.1998).

But, as the Seventh Circuit has noted, "[t]here is a significant difference between making a weak argument with little chance of success ... and making a frivolous argument with no chance of success. As the courts have interpreted § 1988, it is only the latter that permits defendants to recover attorney's fees." *Khan v. Gallitano,* 180 F.3d at 837. Attorney fees will only rarely be awarded where, as here, the district court grants the defendants' motion for summary judgment because of the absence of legally sufficient evidence. In *Coates v. Bechtel,* 811 F.2d 1045, 1052 (7th Cir.1987), the defendants sought fees arguing that "the appropriate standard for determining whether a fee award is warranted is whether there was any admissible evidence to support the plaintiff's claim when he filed the complaint and thereafter." The Seventh Circuit concluded, however, that "[t]he Supreme Court expressly rejected such a test in *Christiansburg* when it recognized that factual uncertainty may exist at the outset of litigation and that decisive facts may not emerge until discovery or trial." 434 U.S. at 422, 98 S.Ct. at 700–701.

■ Federal courts ordinarily find that a plaintiff's losing on summary judgment is, by itself, insufficient to ground a finding of "frivolousness." E.g., *Riddle,* 266 F.3d at 551 ("A plaintiff who continues to litigate claims after discovery has concluded, proceeds to summary judgment, and a judge thereafter rules that the claims are without merit, does not necessarily support the conclusion that the plaintiff's claims were frivolous....."). Indeed, not even the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a cause of action is necessarily sufficient, by itself, to warrant a finding that the lawsuit is frivolous or unreasonable. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Coates,* 811 F.2d at 1050.

We do not suggest that an award of attorney fees may never be founded on a plaintiff's egregious failure to adduce evidence in support of its claim. But we think an award of attorney fees should be based on misconduct closer to the prosecution of a case knowing that the statute of limitations had expired, *Davis v. Visteon Ford Electronics Co.,* 2002 WL 440220

(S.D.Ind.2002) (Hamilton, J.); or repeatedly filing the same or similar lawsuits against employers notwithstanding repeated losses on threshold issues, *Adusumilli v. Swedish Covenant Hospital,* 2002 WL 171965 (N.D.Ill.2002); or filing a rambling and conclusion-filled complaint which alleges twenty-nine, largely non-cognizable causes of action against twenty-nine different defendants. *Robinson v. Burgess,* 2001 WL 68487 (9th Cir.2001) (unpublished).

■ We conclude that an award of fees here would be undeservedly punitive. We note, first, that Batteast filed a complaint alleging that the three defendants discriminated against it on the basis of race by denying it a contract in which it was the lowest bidder and awarding the contract to a Caucasian owned business. Batteast's interest in conducting its enterprise in a business environment untainted by race discrimination is precisely the kind of interest that the civil rights laws were designed to protect. Indeed, minority participation in public contract works has been the focus of significant federal litigation. *See, e.g., Adarand Constructors, Inc. v. Slater,* 528 U.S. 216, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000); *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989). Our granting of defendants' motions for summary judgment was based on the insufficiency of Batteast's evidence and not on any lack of a significant, well-articulated claim.

PMSI argues that in finding in favor of its motion for summary judgment, we held that Batteast presented "no evidence" that the defendants knew that Batteast was minority owned. To the contrary, we expressly held that "Batteast has presented *insufficient* evidence to raise a reasonable inference that either [RQAW or PMSI] knew that Batteast was a minority owned enterprise when they presented their four options to the County." *Batteast v. Henry County,* 194 F.Supp.2d 828, 834 (S.D.Ind. 2002) (emphasis added). Similarly, we found that "Batteast has presented *legally insufficient* evidence to support a reasonable inference of race discrimination." *Id.* at 838 (emphasis added). In fact, Batteast presented three pieces of admissible evidence in support of its allegation that defendants knew it was minority owned: Larry Ivory's delivery of the bid to Henry County; Marvin Murdock's statement to RQAW and PMSI representatives (albeit after RQAW and PMSI made their suggestions to Henry County); and Robert V. Batteast's affidavit that his company is widely known to be minority owned. While this evidence is weak in view of the standard on summary judgment, it is a far cry from "no evidence."

In addition, Henry County bases its request for fees on our finding that there was "no evidence" of a conspiracy between or among the defendants pursuant to 42 U.S.C. § 1985(3). Our holding on that issue was, in effect, a conclusion by default; it was the logical outcome of our finding that Batteast's evidence as to its underlying discrimination claim was insufficient as to RQAW and PMSI. Thus, since we dismissed RQAW and PMSI because there was insufficient evidence to support Batteast's race discrimination claim against them, they *could* not have conspired with Henry County to deprive Batteast of its civil rights. But that conclusion became inevitable only after we analyzed Batteast's claims against RQAW and PMSI.

For these reasons, we DENY defendants' motions for attorney fees.