846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel F. BLOCH, Plaintiff-Appellant,
and
Johnny J. Dotson, Plaintiff,
v.
MOUNTAIN MISSION SCHOOL, Charles M. Sublett, President,
James Marvin Swiney, Vice President, Charliece Swiney,
Secretary, Bernice Sublett, Treasurer, Paul M. Platt,
Teacher, Mabel Abbott, Teacher, Jim Stanley, Teacher, Minnie
Grannert, Teacher, Thomas D. McDonald, Dr., J.P. Sutherland,
Dr., Fred Short, Herman T. Wells, Clarence Greenleaf, Rev.,
Sylvia Raines, B.D. Phillips, Bud Decaffrillo, Keary Bob
Williams, Defendants-Appellees,
and
Donald A. McGlothlin, Nick E. Persin, Pleasant C. Shields,
J. Marshall Coleman, Louie L. Wainwright, Rosemary Griscom,
Paul H. Coleman, David W. Schwertfager, Donna Jean Gallion,
Sharon Mullett, Robert Beck, Asa Mellor, Wanda Mellor, Gary
Oyler, Ruth Oyler, Charles Robert Lambert, Lynda Lambert,
Griffin Bell, William Webster, Edward C. Sawyer, Birg
Sergent, Willard Osborne, Roger I. Makely, Ottmar G.
Gallion, Richard L. Gibson, Defendants.
 No. 86-1279.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1988.
Decided May 2, 1988.
 
 Daniel F. Bloch, appellant pro se.
 Eugene Kay Street, Robert F. Breimann, Jr., Street, Street, Street, Scott & Bowman, for appellees.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Daniel Bloch appeals an order of the district court awarding attorney's fees against him under 42 U.S.C. Sec. 1988 in the amount of $32,826.72. The award was entered in favor of various defendants who Bloch had claimed conspired to violate his rights under 42 U.S.C. Sec. 1985(2) and (3). In concluding that the suit was vexatious, frivolous, and brought to harass or embarrass the defendants so as to justify an award of fees to prevailing defendants under 42 U.S.C. Sec. 1988, the district court found that Bloch had presented no evidence of a conspiracy among the defendants and had brought suit solely to retaliate against everyone connected with his earlier conviction for kidnapping. Because the record does not support the conclusion reached by the district court, we reverse the court's award of attorney's fees against Bloch.
 
 I.
 
 2
 Bloch, who has proceeded pro se throughout this litigation, filed suit against Mountain Mission School, an orphanage located in Grundy, Virginia, and various school and public officials, alleging that officials at the school had abused children; that Bloch had attempted to uncover and stop these abuses; and that the defendants had, in turn, engaged in a conspiracy to stop Bloch and keep abuse and neglect at the school hidden. The district court dismissed the complaint and Bloch appealed.
 
 
 3
 On appeal we held that the district court erred in dismissing Bloch's claims under both halves of 42 U.S.C. Sec. 1985(2) and under 42 U.S.C. Sec. 1985(3), and that Bloch should be afforded the opportunity to develop these claims on remand. Dotson v. Mountain Mission School, No. 79-1771 (4th Cir. Oct. 18, 1982) (unpublished). Specifically, we found that Bloch's allegations could state a claim under the first half of Sec. 1985(2), which prohibits two or more persons from conspiring to deter by force, intimidation, or threat, any party or witness from attending or testifying truthfully in a federal court. We held that a racial or class-based animus is not an essential element for a violation of the first half of Sec. 1985(2). See Kush v. Rutledge, 460 U.S. 719 (1983). We also held that, while a racial or class-based animus is necessary for a violation of Sec. 1985(3) and the second half of Sec. 1985(2), which prohibit conspiracies to deprive any person of the equal protection of the laws (Sec. 1985(3)) and conspiracies to impede or obstruct the due course of justice in any state with the intent to deny any citizen the equal protection of the laws (second half of Sec. 1985(3)), Bloch's allegation that the conspiracy was motivated by animus against orphans satisfied the class-based animus requirement. Finally, we held that the district court erred in concluding on the record as then developed that a state court judge enjoyed absolute immunity from any liability in damages to Bloch. We reasoned that Bloch's claim that Judge Persin had threatened to imprison him if he testified in a federal suit to be filed on behalf of the residents of Mountain Mission School raised a question whether Judge Persin would have been acting in clear absence of all jurisdiction in making such a threat. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 4
 On remand, after allowing the parties time for discovery, the district court granted summary judgment in favor of all defendants. Relying on the intervening decision of the Supreme Court in United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825 (1983), the district court held, contrary to our earlier ruling, that Bloch's allegation that the conspiracy was motivated by animus against orphans did not satisfy the class-based animus requirement of Sec. 1985(3) and the second half of Sec. 1985(2). This holding left only Bloch's claims under the first half of Sec. 1985(2), prohibiting conspiracies to deter any person from testifying in federal court. Although this provision was implicated by Bloch's allegation that Charles Sublett, then President of Mountain Mission School, and Judge Persin conspired to prevent Bloch from testifying in a federal suit to be filed by residents of Mountain Mission School, the district court found that Judge Persin was acting within his jurisdiction in threatening to revoke Bloch's probation if he cooperated in that suit and so enjoyed absolute immunity, and that Bloch had failed to present sufficient evidence that Judge Persin's threat was the product of a conspiracy between Sublett and Persin. Bloch again appealed.
 
 
 5
 We affirmed the entry of summary judgment in favor of defendants. Bloch v. Mountain Mission School, No. 85-2009 (4th Cir. May 2, 1986) (unpublished). We agreed with the district court that the Supreme Court's decision in Scott, supra, justified a conclusion that animus against orphans does not satisfy the class-based animus requirement of Sec. 1985(3) and the second half of Sec. 1985(2).
 
 
 6
 We also agreed with the district court that the additional facts developed on remand justified a finding that Judge Persin's threat to revoke Bloch's probation if he participated in a suit against Mountain Mission School was not action taken in the clear absence of all jurisdiction. In this regard we noted that it was a condition of Bloch's probation that he not contact, directly or indirectly, any of the children in the school. The attorney who was contemplating filing the suit and using Bloch's testimony contacted Judge Persin to determine if Bloch's participation would be viewed as a violation of the terms of Bloch's probation. According to this attorney, Judge Persin told him that if Bloch had anything to do with the suit Judge Persin would make sure that his probation was revoked and that he was sent to jail. Because Judge Persin was contacted in his judicial capacity and was exercising his discretion over a matter within his judicial authority, i.e., the interpretation of his probation order, we upheld the district court's finding that judicial immunity would bar any damage award.
 
 
 7
 Finally, we upheld the district court's finding that Bloch had failed to produce sufficient evidence to withstand summary judgment on his claim that Judge Persin's threat was the product of a conspiracy between Sublett and Persin. Both Sublett and Persin denied the existence of any conspiracy. Although Bloch presented evidence in the form of a deposition and affidavit from Johnny Dotson, a former student at Mountain Mission School, that Sublett and Persin had, two years previous to the alleged threat to revoke Bloch's probation, threatened Dotson with reform school if he testified about abuse at Mountain Mission School, we agreed with the district court that this incident was too remote to justify an inference that Sublett and Judge Persin had conspired in regard to the threat to revoke Bloch's probation.
 
 
 8
 After this Court affirmed the entry of summary judgment and the Supreme Court denied certiorari, various defendants associated with Mountain Mission School petitioned the district court under 42 U.S.C. Sec. 1988 for an award of attorney's fees in the amount of $32,826.72, covering the fees incurred from the inception of the litigation to the date of filing the fee request. In support of their fee request they claimed that although Bloch had been given "every reasonable opportunity to do so, all three Court levels of the Federal Court system ruled unequivocally that [he was] unable to present even the most minimal amount of evidence required to escape a summary dismissal of [the] entire Complaint." Although the district court found, with the defendants, that the record failed to establish a reasonable foundation for Bloch's pursuit of this action, we disagree.
 
 II.
 
 9
 Under 42 U.S.C. Sec. 1988 the court in a Sec. 1985 action may, in its discretion, "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Although a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citations omitted), a prevailing defendant should not be awarded a fee "unless a court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); see Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam) (applying Christiansburg standard to cases arising under Sec. 1988). The nearly routine award of attorney's fees to prevailing plaintiffs is intended to ensure effective access to the judicial process for persons with civil rights grievances. Hensley, 461 U.S. at 429. To apply the same standard to fee awards made to prevailing defendants would undercut congressional intent to promote vigorous enforcement of the civil rights laws by substantially adding to the risks of litigation. Christiansburg, 434 U.S. at 422. To avoid a chilling effect upon plaintiffs seeking to vindicate their civil rights, the Supreme Court, in addition to establishing more stringent criteria for fee awards to defendants, has cautioned:
 
 
 10
 In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
 
 
 11
 Christiansburg, 434 U.S. at 421-22. See Glymph v. Spartanburg General Hospital, 783 F.2d 476, 479 (4th Cir.1986) (district court's finding of frivolity was not based upon reasonableness of claims as they existed at time of trial).
 
 
 12
 The Christiansburg standard is applied with particular strictness when the plaintiff is proceeding pro se. See Miller v. Los Angeles County Board of Education, 827 F.2d 617, 620 (9th Cir.1987). "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Hughes, 449 U.S. at 15. In addition, the fact that plaintiff's case is dismissed prior to trial is not a sufficient basis for an award of fees. Hughes, 449 U.S. at 15-16 ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg ").
 
 
 13
 To say that the standard for an award of attorney's fees to prevailing defendants is strict is not to say, however, that we may freely reverse an award of fees in their favor. Because the decision to award attorney's fees under Sec. 1988 is a matter within the discretion of the district court, we may reverse its decision only upon a finding that the court has abused its discretion under the standards set forth for the exercise of that discretion by Christiansburg and Hughes. See Arnold v. Burger King Corp., 719 F.2d 63, 65-66 (4th Cir.1983), cert. denied, 469 U.S. 826 (1984); Vandenplas v. City of Muskego, 797 F.2d 425, 429 (7th Cir.1986).
 
 III.
 
 14
 We find an abuse of discretion in this case. The history of the litigation clearly reveals that Bloch's claims did not lack a reasonable legal basis. His theory that he was injured as the result of a conspiracy motivated by animus against orphans was initially held on appeal to be sufficient to satisfy the class-based animus requirement of Sec. 1985(3) and the second half of Sec. 1985(2). Although the Supreme Court's subsequent decision in United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825 (1983), had the effect of narrowing the construction to be given the class-based animus requirement, the result to be reached for Bloch's allegation of animus against orphans was not at all clear. Bloch's continued litigation of these claims after the decision in Scott was reasonable.
 
 
 15
 Nor do we find that Bloch lacked a factual foundation for pursuing his claims. Conspiracy claims, by their nature, present problems of proof for a plaintiff. Because direct proof of the conspiracy often rests exclusively with defendants, a plaintiff may be forced to rely on inference and circumstance to establish the existence, nature, and extent of a conspiracy.
 
 
 16
 Here, Bloch presented numerous affidavits in which former students of the school attested to having been abused while at the school. Also in the record is deposition testimony from former student Johnny Dotson to the effect that the Subletts threatened and beat him to have him falsely testify that Bloch had molested him. (Dotson Deposition at 92). Dotson also testified by way of deposition and affidavit that Charles Sublett took him to Judge Persin's chambers where Sublett told Judge Persin that Dotson has been repeating James Swiney's claim that "they owned" Persin. Judge Persin then threatened Dotson with reform school if he testified against Mountain Mission School in any of the litigation then pending against the school or in the kidnapping case then pending against Bloch. (Dotson Deposition at 9-11, Dotson Affidavits of July 7, 1984 and October 22, 1984). Another former student, Perry Parsons, stated in deposition that he had testified falsely in court that Bloch had molested him because the Swineys had told him to give this testimony. (Parsons Deposition at 72). As discussed earlier, Bloch presented the deposition testimony of an attorney who stated that Judge Persin had threatened to revoke Bloch's probation if he testified in a federal suit to be brought against the Mountain Mission School. Bloch also presented evidence that Judge Persin tried to prevent Bloch and Dotson from testifying about the school at hearings before a Senate subcommittee. Finally, in support of a motion to amend his complaint to add a claim that defendant Swiney had promised to drop assault charges against former student Harold Sykes in return for Sykes' promise not to testify against the school in the instant litigation, Bloch submitted an affidavit from Sykes to the effect that Swiney had tried to intimidate him from testifying about child abuse at the school.
 
 
 17
 Had Bloch ultimately been permitted to proceed on a legal theory that animus against orphans satisfies the class-based animus requirement of Sec. 1985(3) and the second half of Sec. 1985(2), the evidence described above could have provided "at least a colorable basis for an inference of collusion" among various defendants seeking to conceal child abuse at the school. See Colombrito v. Kelly, 764 F.2d 122, 132 (2d Cir.1985). As matters developed, the legal issue of class-based animus was ultimately resolved against Bloch, leaving as his only claim the allegation that Persin and Sublett had conspired to prevent him from testifying in federal court. Although Bloch's evidence was finally found insufficient to justify the particular inference that Persin's interpretation of the probation order was the product of a conspiracy with Sublett, the affidavits and deposition testimony submitted by Bloch preclude a general finding that pursuit of his claims through discovery and summary judgment was without foundation.
 
 
 18
 As Bloch's pursuit of his claims was not without factual or legal basis, the district court improperly found the action frivolous and groundless under Christiansburg standards. Nor does the record support the district court's finding that Bloch brought this action solely to harass those involved in his prosecution for kidnapping. Bloch's naming as defendants persons involved in the kidnapping charges is a logical consequence of the nature of his claims and does not establish that he brought the claims in bad faith merely to harass or oppress. See Vandenplas v. City of Muskego, 797 F.2d 425, 429 (7th Cir.1986) (suit is brought to harass where plaintiff sues not in hope of winning but solely to put defendant to burden of defending himself).
 
 
 19
 We accordingly find that the district court abused its discretion in assessing fees against Bloch and reverse the award of fees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 REVERSED.